1  Jodi K. Swick No. 228634
**McDOWELL HETHERINGTON LLP**
2  1999 Harrison Street, Suite 2050
Oakland, CA 94612
3  Telephone:  510.628.2145
Facsimile:  510.628.2146
4  Email:        jodi.swick@mhllp.com

5  Colleen T. Flaherty No. 327563
**McDOWELL HETHERINGTON LLP**
6  1055 E. Colorado Boulevard, Suite 500
Pasadena, CA 91106
7  Telephone:  213.631.4059
Facsimile:  510.628.2146
8  Email:        colleen.flaherty@mhllp.com

9  David T. McDowell, TX Bar No. 00791222*
Louise B. Root, TX Bar No. 24121092*
10  *Appearing *Pro Hac Vice*
**McDOWELL HETHERINGTON LLP**
11  1001 Fannin Street, Suite 2400
Houston, TX 77002
12  Telephone:  713.337.5580
Facsimile:  713.337.8850
13  Email:        david.mcdowell@mhllp.com

14  Attorneys for Defendant
RELIASTAR LIFE INSURANCE COMPANY

15                    UNITED STATES DISTRICT COURT

16                    CENTRAL DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| KENNETH BENNETT, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>RELIASTAR LIFE INSURANCE COMPANY, a Minnesota Corporation,<br><br>Defendant. | Case No. 2:20-cv-06529-PA-KS<br><br>*Honorable Percy Anderson*<br><br>**DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**<br><br>First Amended Complaint Filed: June 22, 2023 |

Defendant ReliaStar Life Insurance Company ("ReliaStar") hereby answers the First Amended Complaint of Plaintiff Kenneth Bennett as follows:

## NATURE OF THE CASE

1.      Responding to Paragraph 1, ReliaStar denies each and every allegation set forth in Paragraph 1 of the First Amended Complaint.

2.      Responding to Paragraph 2, ReliaStar contends that Paragraph 2 calls for a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, ReliaStar denies the allegations contained in Paragraph 2. ReliaStar also lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning "other related entities" as set forth in Paragraph 2 of the First Amended Complaint, and on that basis denies same.

3.      Responding to Paragraph 3, ReliaStar denies each and every allegation set forth in Paragraph 3 of the First Amended Complaint.

4.      Responding to Paragraph 4, ReliaStar denies each and every allegation set forth in Paragraph 4 of the First Amended Complaint.

5.      Responding to Paragraph 5, ReliaStar states that California Insurance Code Sections 10113.71 and 10113.72 (the "Statutes") speak for themselves, and to the extent the allegations of Paragraph 5 differ from the content as reflected in them, said allegations are denied.

6.      Responding to Paragraph 6, ReliaStar contends that Paragraph 6 calls for a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 6 differ from the content as reflected in them, said allegations are denied.

7.      To the extent Paragraph 7 purports to state legal conclusions, no response is required. To the extent an answer is required, ReliaStar denies the allegations contained in Paragraph 7.

## PARTIES

8.      Responding to Paragraph 8, ReliaStar admits that Plaintiff Kenneth Bennett was the owner of Policy No. NL00803230 (the "Policy"). ReliaStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and on that basis denies same.

9.      Responding to Paragraph 9, ReliaStar admits that it is a company organized and existing under the laws of Minnesota and that it is licensed by the California Department of Insurance to do business in California. Except as so admitted, ReliaStar denies the allegations contained in Paragraph 9.

10.     Responding to Paragraph 10, ReliaStar denies the allegations contained in Paragraph 10.

## JURISDICTION AND VENUE

11.     Responding to Paragraph 11, ReliaStar admits that the amount of controversy is in excess of $75,000. ReliaStar lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and on that basis denies same.

12.     Responding to Paragraph 12, ReliaStar contends that the allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations in Paragraph 12. ReliaStar lacks knowledge or information sufficient to form a belief as to the truth of the last sentence in Paragraph 12, and on that basis denies same.

## THE ENACTMENT AND APPLICABILITY OF INSURANCE CODE SECTIONS 10113.71 AND 10113.72

13.     Responding to Paragraph 13, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 13 differ from the content as reflected in them, said allegations are denied.

14.     Responding to Paragraph 14, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 14 differ from the content as reflected in them, said allegations are denied.

15.     Responding to Paragraph 15, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 15 differ from the content as reflected in them, said allegations are denied.

16.     Responding to Paragraph 16, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 16 differ from the content as reflected in them, said

allegations are denied.

17.    Responding to Paragraph 17, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 17 differ from the content as reflected in them, said allegations are denied.

18.    Responding to Paragraph 18, ReliaStar contends that Paragraph 18 calls for a legal conclusion to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 18.

19.    Responding to Paragraph 19, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 19 differ from the content as reflected in them, said allegations are denied.

20.    Responding to Paragraph 20, ReliaStar contends that the allegations of Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 20 differ from the content as reflected in them, said allegations are denied.

21.    Responding to Paragraph 21, ReliaStar contends that the allegations of Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 21 differ from the content as reflected in them, said allegations are denied.

22.    Responding to Paragraph 22, ReliaStar lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis denies same.

## RELIASTAR'S VIOLATIONS OF LAW

23.    Responding to Paragraph 23, ReliaStar admits that it became aware of the existence of the Statutes at the time the Statutes were enacted. Except as so admitted, ReliaStar denies the remaining allegations contained in Paragraph 23.

24.    Responding to Paragraph 24, ReliaStar denies each and every allegation set forth in Paragraph 24 of the First Amended Complaint.

25.    Responding to Paragraph 25, ReliaStar contends that the allegations of Paragraph 25 are legal conclusions to which no response is required. To the extent a response is required,

ReliaStar denies the allegations of Paragraph 25.

26.    Responding to Paragraph 26, ReliaStar contends that the allegations of Paragraph 26 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 26.

27.    Responding to Paragraph 27, ReliaStar denies each and every allegation set forth in the Paragraph 27 of the First Amended Complaint.

28.    Responding to Paragraph 28, ReliaStar contends that the allegations of Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 28.

29.    Responding to Paragraph 29, ReliaStar contends that the allegations of Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 29.

## PLAINTIFF'S POLICY, LAPSE TERMINATION, AND DENIAL OF REINSTATEMENT

30.    Responding to Paragraph 30, ReliaStar admits that on January 7, 1993, Northern Life Insurance Company, ReliaStar's predecessor, issued the policy referenced in the first sentence of Paragraph 30, i.e., the Policy, to Plaintiff Kenneth Bennett. Except as so admitted, ReliaStar denies the remaining allegations contained in Paragraph 30.

31.    Responding to Paragraph 31, ReliaStar contends that Paragraph 31 merely purports to reference a document, i.e., the Policy, which speaks for itself, and to the extent the allegations of Paragraph 31 differ from the content as reflected in the Policy, said allegations are denied.

32.    Responding to Paragraph 32, ReliaStar states that the Policy speaks for itself, and to the extent the allegations of Paragraph 32 differ from the content as reflected in them, said allegations are denied.

33.    Responding to Paragraph 33, ReliaStar admits only that the Policy was in force due to the adequate payment of premiums in 2019 at which time a notice was sent to Plaintiff which speaks for itself. Except as so admitted, ReliaStar denies the remaining allegations of Paragraph 33.

34.     Responding to Paragraph 34, ReliaStar admits only that, on information and belief, counsel for Plaintiff sought documents after the Policy lapsed and said documents were provided. Except as so admitted, ReliaStar denies the remaining allegations of Paragraph 34.

35.     Responding to Paragraph 35, ReliaStar contends that the allegations of Paragraph 35 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies, on information and belief, the allegations of Paragraph 35.

36.     Responding to Paragraph 36, ReliaStar contends that the allegations of Paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 36.

37.     Responding to Paragraph 37, ReliaStar contends that the allegations of Paragraph 37 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 37.

## CLASS ACTION ALLEGATIONS

38.     Responding to Paragraph 38, ReliaStar contends that the allegations of Paragraph 38 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 38.

39.     Responding to Paragraph 39, ReliaStar contends that the allegations of Paragraph 39 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 39.

40.     Responding to Paragraph 40, ReliaStar contends that the allegations of Paragraph 40 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 40.

41.     Responding to Paragraph 41, ReliaStar contends that the allegations of Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 41.

42.     Responding to Paragraph 42, ReliaStar admits that Plaintiff purports to bring this action against it on behalf of the described putative class but denies that certification of any class is appropriate under applicable law and denies the remaining allegations of Paragraph 42.

43.     Responding to Paragraph 43, ReliaStar contends that the allegations of Paragraph 43 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies that certification of any class is appropriate under applicable law and denies the remaining allegations of Paragraph 43.

44.     Responding to Paragraph 44, ReliaStar contends that the allegations of Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 44. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

45.     Responding to Paragraph 45, ReliaStar contends that the allegations of Paragraph 45 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 45. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

46.     Responding to Paragraph 46, ReliaStar contends that the allegations of Paragraph 46 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 46. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

47.     Responding to Paragraph 47, ReliaStar contends that the allegations of Paragraph 47 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 47. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

48.     Responding to Paragraph 48, ReliaStar contends that the allegations of Paragraph 48 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 48. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

49.     Responding to Paragraph 49, ReliaStar contends that the allegations of Paragraph 49 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 49. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

50.     Responding to Paragraph 50, ReliaStar contends that the allegations of Paragraph 50 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 50. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

51.     Responding to Paragraph 51, ReliaStar contends that the allegations of Paragraph 51 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 51. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

52.     Responding to Paragraph 52, ReliaStar contends that the allegations of Paragraph 52 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 52. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

53.     Responding to Paragraph 53, ReliaStar contends that the allegations of Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 53. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

## FIRST CAUSE OF ACTION

### FOR DECLARATORY JUDGMENT OR RELIEF
### (CAL CIV. CODE § 1060 *ET SEQ.*)

### (By Plaintiff, individually and on Behalf of the Class)

54.     ReliaStar incorporates by reference its responses to the foregoing paragraphs as if set forth in full herein.

55.     Responding to Paragraph 55, ReliaStar contends that Paragraph 55 merely purports to reference a statute, which speaks for itself, and to the extent the allegations of Paragraph 55 differ from the content as reflected in the referenced statute, said allegations are denied.

56.     Responding to Paragraph 56, ReliaStar admits the first sentence of Paragraph 56. ReliaStar contends that the remaining allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the remaining

allegations of Paragraph 56.

57.    Responding to Paragraph 57, ReliaStar contends that the allegations of Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 57. ReliaStar further states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 57 differ from the content as reflected in the Statutes, said allegations are denied.

58.    Responding to Paragraph 58, ReliaStar contends that the allegations of Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 58. ReliaStar further states that the Statutes speak for themselves, and to the extent the allegations of Paragraph 58 differ from the content as reflected in the Statutes, said allegations are denied.

59.    Responding to Paragraph 59, ReliaStar contends that the allegations of Paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 59.

60.    Responding to Paragraph 60, ReliaStar contends that the allegations of Paragraph 60 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 60.

61.    Responding to Paragraph 61, ReliaStar contends that the allegations of Paragraph 61 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the remaining allegations of Paragraph 61.

62.    Responding to Paragraph 62, ReliaStar contends that the allegations of Paragraph 62 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 62.

## SECOND CAUSE OF ACTION

### FOR DECLARATORY JUDGMENT OR RELIEF (FEDERAL DECLARATORY JUDGMENT ACT – 28 U.S.C. §§ 2201, *ET SEQ.*)

### (By Plaintiff, individually and on Behalf of the Class)

63.    ReliaStar incorporates by reference its responses to the foregoing paragraphs as if

set forth in full herein.

64.     Responding to Paragraph 64, ReliaStar contends that Paragraph 64 merely purports to reference a statute, which speaks for itself, and to the extent the allegations of Paragraph 64 differ from the content as reflected in the referenced statute, said allegations are denied.

65.     Responding to Paragraph 65, ReliaStar contends that the allegations of Paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 65.

66.     Responding to Paragraph 66, ReliaStar contends that the allegations of Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the remaining allegations of Paragraph 66.

67.     Responding to Paragraph 67, ReliaStar contends that the allegations of Paragraph 67 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 67.

## **THIRD CAUSE OF ACTION**

### **BREACH OF CONTRACT**

### **(By Plaintiff, Individually and on Behalf of the Class)**

68.     ReliaStar incorporates by reference its responses to the foregoing paragraphs as if set forth in full herein.

69.     Responding to Paragraph 69, ReliaStar contends that the allegations of Paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 69.

70.     Responding to Paragraph 70, ReliaStar contends that the allegations of Paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 70.

71.     Responding to Paragraph 71, ReliaStar contends that the allegations of Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 71.

72.     Responding to Paragraph 72, ReliaStar contends that the allegations of Paragraph 72

are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 72.

73.    Responding to Paragraph 73, ReliaStar contends that the allegations of Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 73.

74.    Responding to Paragraph 74, ReliaStar contends that the allegations of Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 74.

75.    Responding to Paragraph 75, ReliaStar contends that Paragraph 75 merely purports to reference a statute, which speaks for itself, and to the extent the allegations of Paragraph 75 differ from the content as reflected in the referenced statute, said allegations are denied.

76.    Responding to Paragraph 76, ReliaStar contends that the allegations of Paragraph 76 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 76.

## FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*)

### (By Plaintiff, individual and on Behalf of the Class)

77.    ReliaStar incorporates by reference its responses to the foregoing paragraphs as if set forth in full herein.

78.    Responding to Paragraph 78, ReliaStar contends that Paragraph 78 merely purports to reference a statute, which speaks for itself, and to the extent the allegations of Paragraph 78 differ from the content as reflected in the referenced statute, said allegations are denied.

79.    Responding to Paragraph 79, ReliaStar contends that the allegations of Paragraph 79 are legal conclusions to which no response is required. To the extent a response is required, ReliaStar denies the allegations of Paragraph 79.

80.    Responding to Paragraph 80, ReliaStar contends that the allegations of Paragraph 80 are legal conclusions to which no response is required. To the extent a response is required,

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

1    ReliaStar denies the allegations of Paragraph 80.

2        81.    Responding to Paragraph 81, ReliaStar contends that the allegations of Paragraph 81

3    are legal conclusions to which no response is required. To the extent a response is required,

4    ReliaStar denies the allegations of Paragraph 81.

5        82.    Responding to Paragraph 82, ReliaStar contends that the allegations of Paragraph 82

6    are legal conclusions to which no response is required. To the extent a response is required,

7    ReliaStar denies the allegations of Paragraph 82.

8        83.    Responding to Paragraph 83, ReliaStar contends that the allegations of Paragraph 83

9    are legal conclusions to which no response is required. To the extent a response is required,

10   ReliaStar denies the allegations of Paragraph 83.

11       84.    Responding to Paragraph 84, ReliaStar contends that the allegations of Paragraph 84

12   are legal conclusions to which no response is required. To the extent a response is required,

13   ReliaStar denies the allegations of Paragraph 84.

14       85.    Responding to Paragraph 85, ReliaStar contends that the allegations of Paragraph 85

15   are legal conclusions to which no response is required. To the extent a response is required,

16   ReliaStar denies the allegations of Paragraph 85.

17       86.    Responding to Paragraph 86, ReliaStar contends that the allegations of Paragraph 86

18   are legal conclusions to which no response is required. To the extent a response is required,

19   ReliaStar denies the allegations of Paragraph 86.

20       87.    Responding to Paragraph 87, ReliaStar contends that the allegations of Paragraph 87

21   are legal conclusions to which no response is required. To the extent a response is required,

22   ReliaStar denies the allegations of Paragraph 87.

23       88.    Responding to Paragraph 88, ReliaStar denies the allegations set forth in Paragraph

24   88 of the First Amended Complaint.

25       89.    Responding to Paragraph 89, ReliaStar contends that the allegations of Paragraph 89

26   are legal conclusions to which no response is required. To the extent a response is required,

27   ReliaStar denies the allegations set forth in the first sentence of Paragraph 89 in the First Amended

28   Complaint. ReliaStar further denies the remaining allegations of Paragraph 89.

**PRAYER FOR RELIEF**

ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent are entitled to any of the relief sought in the First Amended Complaint, or any relief whatsoever. ReliaStar further specifically denies that certification of any class is appropriate under applicable law. Subject to the denial, ReliaStar responds to the individually numbered paragraphs of the Prayer for Relief section of the First Amended Complaint as follows:

1.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 1 of the Prayer for Relief section of the First Amended Complaint. ReliaStar further specifically denies that certification of any class is appropriate under applicable law.

2.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 2 of the Prayer for Relief section of the First Amended Complaint.

3.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 3 of the Prayer for Relief section of the First Amended Complaint.

4.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 4 of the Prayer for Relief section of the First Amended Complaint.

5.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 5 of the Prayer for Relief section of the First Amended Complaint.

6.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 6 of the Prayer for Relief section of the First Amended Complaint.

7.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 7 of the Prayer for Relief section of the First Amended Complaint.

8.      ReliaStar denies that Plaintiff, and those other persons whom Plaintiff purports to represent, are entitled to the relief sought in Paragraph 8 of the Prayer for Relief section of the First Amended Complaint.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for jury trial does not require a response.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden of proof or persuasion that would otherwise rest on Plaintiff, ReliaStar asserts the following affirmative defenses to the claims of Plaintiff and putative class members. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations. ReliaStar reserves the right to amend or to supplement the following affirmative defenses, including without limitation, the right to amend as information is gathered through discovery regarding Plaintiff and putative class members.

## First Affirmative Defense

1.      The First Amended Complaint, and each of the purported claims therein, fail to state a claim against ReliaStar on which relief can be granted.

## Second Affirmative Defense

2.      Plaintiff's interpretation of the Statutes is unconstitutional insofar as the United States and California Constitutions both prohibit the passage of any law impairing the obligation of contracts. U.S. Const. art. I, § 10, cl. 1 ("No State shall … pass any … ex post fact Law, or Law impairing the Obligation of Contracts."); Cal. Const. art. I, § 9 ("A bill of attainder, ex post facto law, or law impairing the obligation of contracts may not be passed").

## Third Affirmative Defense

3.      Plaintiff's interpretation of the Statutes is unconstitutional insofar as the United States and California Constitutions both prohibit the passage of any law depriving any person of property without due process of law or denying to any person the equal protection of the laws, or taking private property without just compensation. U.S. Const. amend. V ("No person shall be …

deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."); U.S. Const. amend XIV § 1 ("No State shall … deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."); Cal. Const. art. I, § 7(a) ("A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws …"); Cal. Const. art. I, § 19(a) ("Private property may be taken or damaged for a public use and only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner.").

### Fourth Affirmative Defense

4.    Plaintiff's claims, and those of the other persons Plaintiff purports to represent, are barred in whole or in part by the real party in interest doctrine.

### Fifth Affirmative Defense

5.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred by the provisions, terms, exclusions, definitions, limitations, and conditions of their respective life insurance policies and any other insurance policies at issue.

### Sixth Affirmative Defense

6.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred because ReliaStar has fully and/or substantially performed all contractual, statutory, regulatory, and other duties that may have been owed to Plaintiff and persons Plaintiff purports to represent.

### Seventh Affirmative Defense

7.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred by the failure to satisfy necessary conditions precedent.

### Eighth Affirmative Defense

8.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred by failure of consideration and/or otherwise failure to perform under their respective life insurance policies and any other insurance policies at issue.

### Ninth Affirmative Defense

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

9.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred because they are based on alleged breach of obligations not found in their respective life insurance policies and any other insurance policies at issue, which are fully integrated agreements.

## Tenth Affirmative Defense

10.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred or limited because ReliaStar acted reasonably, appropriately, and in good faith at all pertinent times.

## Eleventh Affirmative Defense

11.    The acts and omissions of ReliaStar, if any, were excused or justified by the information and facts available to ReliaStar at the time such acts and omissions, if any, occurred.

## Twelfth Affirmative Defense

12.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred, in whole or in part, because no act or omission by ReliaStar, or by any person or entity for which ReliaStar was responsible, was the proximate cause of any injury or harm alleged.

## Thirteenth Affirmative Defense

13.    Plaintiff, and some or all of the other persons Plaintiff purports to represent, have failed and neglected to use reasonable care to protect themselves and minimize the alleged loss and damage complained of, if there was any.

## Fourteenth Affirmative Defense

14.    If Plaintiff, and some or all of the other persons Plaintiff purports to represent, have sustained any damages—which ReliaStar expressly denies—recovery is barred by the failure of Plaintiff, and some or all of the persons Plaintiff purports to represent, to mitigate, reduce, or otherwise avoid damages.

## Fifteenth Affirmative Defense

15.    Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred due to the acts or omissions of third parties who are unrelated to ReliaStar.

### **Sixteenth Affirmative Defense**

16.     Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred, in whole or in part, because Plaintiff has failed to join necessary and indispensable parties to the suit.

### **Seventeenth Affirmative Defense**

17.     To the extent the Statutes are deemed to require benefits to be paid even though the Policies and/or any other insurance policies purportedly at issue had lapsed and terminated for nonpayment of premium, ReliaStar is entitled to an offset for any premiums that would have been due and owing since the date of the last paid premium.

### **Eighteenth Affirmative Defense**

18.     Plaintiff, and some or all of the other persons Plaintiff purports to represent, have expressly and/or by conduct waived the right to complain of the conduct alleged in the First Amended Complaint and are estopped from pursuing these claims.

### **Nineteenth Affirmative Defense**

19.     Plaintiff, and some or all of the other persons Plaintiff purports to represent, have expressly and/or by conduct ratified the conduct alleged in the First Amended Complaint and are estopped from pursuing these claims.

### **Twentieth Affirmative Defense**

20.     Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred by the doctrine of unjust enrichment.

### **Twenty-first Affirmative Defense**

21.     Plaintiff's claims, and those of some or all of the other persons Plaintiff purports to represent, are barred by the doctrine of unclean hands in that the actions of Plaintiff, and some or all of the other persons Plaintiff purports to represent, have caused some or all of the alleged harm incurred, if any.

### **Twenty-second Affirmative Defense**

22.     The claims for relief asserted in the First Amended Complaint are barred, in whole or in part, by the applicable statutes of limitations, laches, and/or other time bars.

### Twenty-third Affirmative Defense

23.    Plaintiff's claims, and/or those of some or all of the other persons Plaintiff purports to represent, are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

### Twenty-fourth Affirmative Defense

24.    Plaintiff's claim, and/or those of some or all of the other persons Plaintiff purports to represent, are barred, in whole or in part, by the doctrines of accord and satisfaction and/or release.

### Twenty-fifth Affirmative Defense

25.    With respect to putative absent class members, ReliaStar reserves all defenses and rights, including the defense of lack of personal jurisdiction.

### Twenty-sixth Affirmative Defense

26.    Plaintiff, and the other persons Plaintiff purports to represent, do not have standing or right, in whole or in part, to assert a claim for violation of the Statutes.

### Twenty-seventh Affirmative Defense

27.    ReliaStar reserves the right to plead any additional affirmative defenses that become available or known as this action proceeds, including, but not limited to, those defenses that become known to ReliaStar through discovery. ReliaStar reserves the right to amend its Answer to add such additional defenses or to delete any affirmative defenses that it determines are not applicable, as well as any counterclaims and third-party claims, based on information revealed during the discovery process.

WHEREFORE, Defendant ReliaStar Life Insurance Company prays for relief as follows:

1.    That the Court deny Plaintiff's request for certification of any class action pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other applicable Rules of Procedure;

2.    That the Court deny any and all relief requested by Plaintiff;

3.    That Plaintiff takes nothing by reason of the First Amended Complaint;

4.    That the Court enter judgment in favor of ReliaStar and against Plaintiff;

5.    That the Court dismiss the First Amended Complaint in its entirety with prejudice;

6.    For costs of suit incurred herein, including attorneys' fees; and

7.    For such other and further relief as the Court may deem just and proper.


Dated:  July 6, 2023                              Respectfully submitted,

                                                  McDOWELL HETHERINGTON LLP



                                                  By:  ___/s/ Louise B. Root_____
                                                       Louise B. Root

                                                  Attorneys for Defendant
                                                  RELIASTAR LIFE INSURANCE COMPANY

DEFENDANT RELIASTAR LIFE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT